IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UDEOZO OGBUE,

\*

v.    \*   CIVIL ACTION NO.  AW-07-1607

METROPOLITAN ATLANTA RAPID    \*
 TRANSIT AUTHORITY

\*\*\*\*\*\*\*\*\*

## **MEMORANDUM**

On June 19, 2007, Plaintiff, a resident of Beltsville, Maryland, filed the above-captioned pro se action.  Paper No. 1.   Plaintiff has paid the full civil filing fee. Plaintiff's complaint is one of employment discrimination arising our of the termination of his employment by Defendant.  This Court lacks venue in this case.

The general federal venue statute, 28 U.S.C. § 1391(b), which provides in relevant part: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides ... [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

Pursuant to 42 U.S.C. § 2000e-5(f) Plaintiff may file a civil rights complaint in one of four venues: (1) where the prohibited acts occurred; (2) where Plaintiff would have been but for the prohibited acts; (3) where the personnel records are kept; or (4) if the Defendant is not found in any of the three foregoing places in the district where the Defendant has its principal office.  *See Chris v. Tenet*, 221 F.3d 648, 652 (4th Cir. 2000).  The alleged prohibited acts occurred in Georgia.  There is no allegation that but for the alleged conduct of Defendant, Plaintiff would be in Maryland, nor

is there any allegation that Defendant's personnel records or principal office are located in Maryland. Accordingly, venue is improper here.

To the extent Plaintiff seeks to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a), It appears that diversity exists pursuant to 28 U.S.C. §1332, however, a review of the venue statutes under 28 U.S.C. §§ 1391(a) and 1391©) illustrates that venue is not proper in this jurisdiction. Defendant Metropolitan Atlanta Rapid Transit Authority is located in Atlanta, Georgia. All of the events complained of occurred in Georgia. The sole Defendant is not a Maryland residents or otherwise subject to personal jurisdiction in Maryland. Nor did the events giving rise to Plaintiff's complaint occur in Maryland. As such there is no basis for finding that the Court has personal jurisdiction over Defendant. Accordingly, for the convenience of the parties and in the interest of justice, this case shall be transferred pursuant to 28 U.S.C. §1406(a) to the United States District Court for the Northern District of Georgia. A separate order follows.

Date: July 18, 2007

                /s/
                Alexander Williams, Jr.
                United States District Judge